## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Patricia Kelly | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | **COMPLAINT** |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| Financial Recovery Services, Inc. | ) | |
| 4510 West 77th Street, Suite 200 | ) | |
| Edina, MN 55435 | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiffs, by and through their attorneys, and, for their Complaint alleges as follows:

### INTRODUCTION

1. Plaintiff, Patricia Kelly, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Financial Recovery Services, Inc. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

**15 U.S.C. Section 1692e**

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e.

3. A debt collection may not imply outcomes that are not legally able to come to pass. *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012)

4. The Seventh Circuit has stated that "[w]hen language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does so at its peril." *Lox*

*v. CDA, Ltd.*, <u>689 F.3d 818</u>, 825 (7th Cir. 2012) (citing *Gonzales v. Arrow Financial Services,LLC<u>, 660 F.3d 1055</u>*, 1063 (9th Cir. 2011)).

5. In *Wilder vs. J.C. Christensen & Associates, Inc.* (Case No. 16-cv-1979) (N.D.IL 2016), the Court stated "literally true conditional language in a dunning letter can be deceptive if the action suggested is legally prohibited." *Id.*

6. The Sixth Circuit Court of Appeals stated "[I]f Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading." *Walker vs. Shermeta, Adams, Von Allment*, PC 623 F. App'x 764, 768 (6th Cir. 2015).

7. In *Tylke vs. Diversified Adjustment Serv. Inc.* 14-CV-748 (E.D. Wis., 2014), the District Court held that a Defendant's mention of a fee that had "zero" next to it could be a violation of 15 U.S.C. Section 1692e.

## 15 U.S.C. Section 1692g

8. The Seventh Circuit Court of Appeals stated in *Millver v. McCalla, Raymer, Padrick, Cobb, Nichols & Carlk, LLC.*, 214 F.3d 872, 875 (7th Cir. 2000), that the FDCPA requires a debt collector to state "the amount of the debt" that they are trying to collect.

9. The Court in *Miller* spelled out safe harbor language for collecting debts that are accuring interest or other fees after the date of the initial dunning letter. Id.

10. Following Miller, the Seventh Circuit Court of Appeals stated in *Chuway v. Nat. Action Services*, 362 F. 3d 944 (7th Cir. 2004), stated that if a Debt Collector is "trying to collect the listed balance plus the interest running on it or other charges, he should use the safe harbor language of *Miller:* As of the date of this letter, you owe $___[the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an

adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection For further information, write the undersigned or call 1-800-[phone number]." *Id.*

11. In *Janetos vs. Fulton Friedman & Gullace, LLP* (No. 15-01859), (7th Cir. 2016), the Seventh Circuit Court of Appeals stated if a dunning letter fails to disclose the required language in 15 U.S.C. Section 1692g(a) it violates the FDCPA.

12. Said case stated "[T]o satisfy Section 1692g(a), the debt collector's notice must state the required information 'clearly enough that the receipient is likely to understand it.'" *Id.*

13. If an initial dunning letter fails to disclose the required information clearly, it violates the FDCPA, without further proof of confusion. *Id.*

## JURISDICTION AND VENUE

14. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

15. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## STANDING AND INJURY

16 .Plaintiffs have suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

17. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

19. The rights and obligations established by section 1692g were considered by the Senate at the time of passage to be a "significant feature" of the Act. "This provision [section 1692g] will eliminate the recurring problem of collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

## **PARTIES**

20. Plaintiff, Patricia Kelly  (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

21. Plaintiff is a resident of the State of Illinois.

22. Defendant, Financial Recovery Services, Inc.. ("Defendant"), is a Minnesota business entity with an address of 4510 West 77th Street, Suite 200, Edina, Minnesota 55435 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

23. Unless otherwise stated herein, the term "Defendant" shall refer to Financial Recovery  Services, Inc.

24. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## **ALLEGATIONS**

25. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $585.94 (the "Debt") to an original creditor (the "Creditor")

26. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

27. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section

1692a(2).

28. On March 6, 2017, Defendant mailed Plaintiff a collection letter. See Exhibit.

29. In that letter, it stated the debt was charged off on February 25, 2016.

30. The debt Defendant is collecting on is a water bill from the city of Naperville, Illinois (hereinafter "original creditor").

31. The debt is from 2014 and Plaintiff has had no account with original creditor since this debt.

32. The letter stated the following: "Cost Balance: $0.00" "Balance Due: $585.94" See Exhibit

33. By putting "Cost Balance: $0.00" in the collection letter, Defendant is suggesting at some point after not paying this debt, a collection fee may be added to this debt.

34. There is nothing giving Defendant the right to charge Plaintiff a collection fee on this account.,

35. Defendant is implying that the longer this debt is not paid, a collection fee may be charged.

36. It is a violation of 15 U.S.C. Section 1692e to imply an outcome that can not legally come to pass.

### 1692g Allegations

37. As shown on the initial collection letter, the Defendant lists "Balance Due: $585.94" See Exhibit

38. Then goes on to state "Current Balance" in the payment coupon area. See Exhibit

39. An unsophisticated consumer is not clear on what his or her balance really is, whether $585.94 is the current balance or the total balance.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

40. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Defendant's conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.

42. The Defendant's conduct violated 15 U.S.C. Section 1692g in that Defendant has not made clear the amount of debt Plaintiff owes to Defendant.

43. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

44. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

45. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages;

(2) Attorney fees, litigation expenses and costs of suit; and

(3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff